**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

STEPHEN PETERSON, a/k/a Anthony L.
Lewis,
Defendant-Appellant.

No. 98-4180

Appeal from the United States District Court
for the District of South Carolina, at Columbia.
Dennis W. Shedd, District Judge.
(CR-96-679-DWS)

Submitted: April 30, 1999

Decided: June 25, 1999

Before WILLIAMS and KING, Circuit Judges,
and PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

John Dewey Elliott, Columbia, South Carolina, for Appellant. Jane
Barrett Taylor, OFFICE OF THE UNITED STATES ATTORNEY,
Columbia, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Stephen Peterson appeals his conviction entered on his guilty plea to possession with intent to distribute crack cocaine in violation of 21 U.S.C. § 841(a)(1) (1994). Peterson noted a timely appeal and his attorney filed a brief pursuant to Anders v. California, 386 U.S. 738, 744 (1967), in which he represents that there are no arguable issues of merit in this appeal. Nonetheless, in his brief, counsel addressed the possibility that the district court erred in finding that the controlled substance in Peterson's possession was crack cocaine as opposed to some other form of cocaine base. The time for filing a supplemental brief has passed and Peterson has not done so, despite receiving two extensions of time in which to file his brief. Finding no merit to counsel's claim of error, and discovering no other error in our review of the record, we affirm the conviction and sentence.

Peterson's counsel contends on appeal that the district court erred in overruling his objection to the identity of the controlled substance at issue in this case. He suggests that the government failed to prove by a preponderance of the evidence that the substance was crack cocaine as opposed to merely some other cocaine base. See United States v. James, 78 F.3d 851, 858 (3d Cir. 1996). In this case, there was no ambiguity with regard to the identity of the drugs at issue. The indictment and the plea agreement both referred to crack cocaine. Peterson admitted under oath at his Fed. R. Crim. P. 11 hearing that he was in possession of crack cocaine. Finally, the arresting agent identified the substance as crack cocaine at the sentencing hearing. The unambiguous nature of the record, combined with the testimony of this trained narcotics agent was sufficient to establish the identity of the controlled substance. See United States v. Dolan, 544 F.2d 1219, 1221 (4th Cir. 1976). Peterson's claim is without merit.

As required by Anders, we have independently reviewed the entire record and all pertinent documents. We have considered all possible

2

issues presented by this record and conclude that there are no non-frivolous grounds for this appeal. Pursuant to the plan adopted by the Fourth Circuit Judicial Council in implementation of the Criminal Justice Act of 1964, 18 U.S.C. § 3006A (1994), this court requires that counsel inform his client, in writing, of his right to petition the Supreme Court for further review. If requested by the client to do so, counsel should prepare a timely petition for writ of certiorari, unless counsel believes that such a petition would be frivolous. In that case, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3